IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEROME WILLIAMS,

   Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

   Defendant.

CIVIL ACTION

NO. 1:02-CV-2234-GGB

## <u>ORDER</u>

This action is presently before the court on plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Doc. 31].[1]  On December 8, 2003, the court entered  a final order and judgment remanding this case to the Commissioner of Social Security for further consideration of plaintiff's claim for disability benefits.  <u>See</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)(finding that a remand under sentence four of 42 U.S.C. § 405(g) requires entry of a final judgment).  The court did not award plaintiff any benefits under the Social Security Act.  On April 21, 2004, the court entered an order awarding plaintiff $5,822.92 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(D).

---

[1]The parties consented to jurisdiction before a United States Magistrate Judge on June 13, 2003.  (Doc. 20).

AO 72A
(Rev.8/82)

On June 23, 2005, an Administrative Law Judge determined that plaintiff is entitled to disability benefits retroactive to August 23, 2000.  (See Doc. 31, Attach., Notice of Decision).  On November 7, 2005, the Social Security Administration sent a letter to plaintiff[2] stating that plaintiff's past-due benefits totaled $57,300.20.[3]  (Doc. 33, Attach., Notice of Award).  On July 2, 2006, the Social Security Administration sent a letter directly to plaintiff's attorney, Mr. Gary Flack, stating as follows:

> This refers to Jerome Williams' claim for disability insurance benefits.  We are withholding $10,047.25, which represents 25 percent of the past-due benefits for Mr. Williams less the fee agreement amount of $4,000.00, in anticipation of direct payment of an authorized attorney's fee for court services. We are writing to determine whether you have petitioned the U.S. District Court for the Northern District of Georgia for a fee for your services before the court.
>
> . . . . We have not received any written verification from your office that a fee petition has been submitted.  If a petition has been filed please advise[] if you have made any further follow ups with the court for their disposition of your request. . . .

---

[2]The letter states that a copy was sent to plaintiff's attorney.  The record contains no additional evidence as to whether or not plaintiff's attorney received this letter.

[3]$4,000 of this amount was withheld and paid directly to plaintiff's attorney for legal services provided before the Social Security Administration.  See 42 U.S.C. § 406(a).

(Doc. 31, Attach., Ltr. to Gray Flack).  The letter's heading describes the document as an "Authorization To Charge And Receive A Fee."  (Id.).  According to Mr. Flack, the document arrived at his office on July 10, 2006.  (Doc. 31, Attach., Flack Aff. ¶ 4). On July 17, Mr. Flack filed the instant motion.

The relevant section of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  The statute also allows the Commissioner of Social Security to "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."  Id.  This provision of the Social Security Act is applicable to cases, such as this, "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006).[4]

---

[4]Bergen, supra, was published on July 6, 2006, less than two weeks before plaintiff filed the instant motion.

3

The Commissioner concedes that the fee amount requested by plaintiff is reasonable and within the limits of § 406(b).   (See Doc. 32, Def. Brf. at 7). Furthermore, the Commissioner does not argue that the court should deny plaintiff's motion; she merely directs the court's attention to a recent Eleventh Circuit case – Bergen – relevant to the decision.  In Bergen, the Court of Appeals held that Rule 54(d)(2) of the Federal Rules of Civil Procedure applies to claims for attorney's fees brought pursuant to § 406(b).  454 F.3d at 1277.  Rule 54(d)(2) applies generally to post-judgment requests for attorney's fees and states that, "[u]nless otherwise provided by statute of order of the court," a motion for attorney's fees "must be filed no later than 14 days after entry of judgment."  Application of Rule 54(d)(2) to plaintiff's motion "requires deciding when the 14 day period for filing the petitions provided in the rules begins to run for a § 406(b) petition."  Bergen at 1277.[5]

---

[5]Because the Commissioner had not objected to the timeliness of the attorney-fee petition in Bergen, the Court of Appeals did not determine when the 14-day period began to run and "merely h[e]ld that the petitions were timely."  Bergen, 454 F.3d at 1277-78.  In a prior, vacated opinion regarding the same case, the court concluded that the 14-day period "should begin to run from the day that the award notice is issued [by the Commissioner]."  Bergen v. Commissioner of Social Security, 444 F.3d 1281, 1286 (11th Cir. 2006), superceded by 454 F.3d 1273 (11th Cir. 2006).  (This court recognizes the possibility that Bergen's holding regarding Rule 54(d) was mere dicta, and therefore not binding.  The appellate court's finding regarding Rule 54(d) was not necessary for resolution of the dispute.)

4

Arguably, the plain language of Rule 54, which defines "judgment" as "a decree and any order from which an appeal lies," supports a finding that December 8, 2003, the date on which this court entered its remand judgment, is the date from which the 14-day period specified in Rule 54(d)(2)(B) should have run.  See McGraw v. Barnhart, 450 F.3d 493, 504 (10th Cir. 2006).  The amount of the past-due benefits, however, "will only rarely be calculable before the end of that fourteen-day period.  How, then, can counsel seek, and the district court order in appropriate cases, a § 406(b)(1) fee award in compliance with the Federal Rules of Civil Procedure?"  McGraw, 450 F.3d at 504-05 (citation omitted).[6]  The Court of Appeals for the Eleventh Circuit suggested in a footnote that "the confusion about integrating Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406(b)" could be avoided by filing a motion seeking an extension of the 14-day period *at the time of the remand order.*  Bergen, 454 F.3d at 1278 n.2.  That, of course, was not done is this case, which was closed long before Bergen.

---

[6]In McGraw, the Court of Appeals for the Tenth Circuit concluded that parties seeking attorney's fees under § 406(b) after a remand should file a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  450 F.3d at 505.  Rule 60(b)(6) permits courts, "[o]n motion and upon such terms as are just," to "relieve a party" for "any . . . reason justifying relief from the operation of the judgment."

The court finds it unnecessary to determine exactly when the 14-day period began to run and, in light of the unsettled and conflicting nature of the limited case law available on this issue, chooses not to do so.  The court will therefore assume, without finding, that the limitations period specified in Rule 54(b) began to run on December 8, 2003, and has long since expired.[7]  Nonetheless, even if the period has expired, for reasons discussed below, the court finds that an award of attorney's fees is warranted in this case.

Rule 6 of the Federal Rules of Civil Procedure permits this court to enlarge time periods otherwise specified in the Federal Rules "for cause shown."  The Rule states, in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or *without motion* or notice order the period enlarged *if request therefor is made before the expiration of the period originally prescribed* or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period* permit the act to

_____

[7]If the court were to assume that the period of time began to run on the date plaintiff received notification of the amount of his past-due benefits, as suggested in the Eleventh Circuit's vacated opinion, <u>Bergen</u>, 444 F.3d at 1286, the time period would have also expired.  Plaintiff received notification of the amount of his past-due benefits by letter dated November 7, 2005.

6

> be done where the failure to act was the result of excusable
> neglect . . . .

Fed.R.Civ.P. 6(b)(emphasis added).  In <u>Lujan v. National Wildlife Federation</u>, 497 U.S.

871, 894-98, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the Supreme Court considered

how Rule 6 should be applied in the context of a district court's refusal to accept late-

filed affidavits.  The Court stated that Rule 6 confers discretion on the district court

and "provides the mechanism by which that discretion is to be invoked and exercised."

<u>Lujan</u>, 497 U.S. at 895-96.  "First, any extension of a time limitation must be 'for cause

shown.'  Second, although extensions before expiration of the time period may be 'with

or without motion or notice,' *any postdeadline extension must be 'upon motion made,'*

and is permissible only where the failure to meet the deadline 'was the result of

excusable neglect.'"  <u>Id</u>. at 896 (emphasis added).  The Court concluded that the

district court had *not* abused its discretion when it failed to act *sua sponte* to extend

the time permitted for filing affidavits.  <u>Id</u>. at 896-88.  In reaching this conclusion, the

Court made the following observations:

> The dissent asserts that a footnote in respondent's reply
> memorandum to the District Court was a "motion" within
> the meaning of Rule 6(b)(2), and was so obviously so that
> the District Court committed reversible error in failing to
> construe it that way. . . . We cannot agree.  Rule 6(b)
> establishes a clear distinction between "requests" and

"motions," and the one cannot be converted into the other without violating its provisions – or at least cannot be converted on the basis of such lax criteria that conversion would be not only marginally permissible but positively mandatory in the present case.  Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," provided the request is made before the time for filing expires.  After the time for filing has expired, however, the court (again "for cause shown" and "in its discretion") may extend the time only "upon motion."  To treat all postdeadline "requests" as "motions" (if indeed any of them can be treated that way) would eliminate the distinction between predeadline and postdeadline filings that the Rule painstakingly draws.  Surely the postdeadline "request," to be even permissibly treated as a "motion," must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.   The request here had not much of either characteristic.  As for formality, it was not even made in a separate filing or in a separate appearance before the court, but was contained in a single sentence at the end of the first paragraph of one of the 18 single-spaced footnotes in a 20-page memorandum of law. . . . And as for precision, the request not only did not ask for any particular extension of time (7 days, 30 days), it did not specifically ask for an extension of time at all, but merely said that respondent "should be given adequate opportunity to supplement the record." . . . We think it quite impossible to agree with the dissent that the district judge not only might treat this request as a motion, but that he was compelled to do so.

Lujan, 497 U.S. at 896 n.5.  At the end of its opinion, the Supreme Court added:

> Perhaps it is true that the District Court could have overcome all the obstacles we have described – apparent lack of a motion, of a showing, and of excusable neglect – to admit the affidavits at issue here. But the proposition that it was *compelled* to receive them – that it was an abuse of discretion to *reject* them – cannot be accepted.

Lujan, 497 U.S. at 898.

Although some courts have interpreted Lujan as prohibiting a district court from granting a post-deadline extension of time absent a motion, see, e.g., Smith v. District of Columbia, 430 F.3d 450, 456 (D.C. Cir. 2005)("In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion."), the undersigned finds that the better reasoning is reflected in an opinion of this court recently published by Judge Richard Story, Godoy v. Office of Bar Admissions, __ F.Supp.2d __, *slip op.,* 2006 WL 2085318, *2-*3 (N.D.Ga. July 25, 2006). In Godoy, Judge Story considered whether he had the power to increase *sua sponte* the time permitted for the defendant to file a response to the plaintiff's motion for summary judgment once the initial deadline had expired and where excusable neglect had not been demonstrated. The court concluded that it could extend the deadline, stating:

> Insofar as Plaintiff urges that this allowance is not one within the Court's authority to provide, the Court disagrees. To be sure, authorities addressing this issue are few. A review of applicable precedent, however, illustrates that absent

9

serious, actual prejudice to another party, district courts, often with circuit approval, have exercised the inherent authority to manage their docket so as to grant enlargements of time even when such extensions fall outside the literal scope of Rule 6(b). See Green v. Adm'rs of the Tulane Educ. Fund, 284 F.3d 642 (5th Cir. 2002) (affirming, over a Rule 6(b) objection, district court's *sua sponte* decision to permit litigant to file Rule 54 motion for costs outside the time provided for in the Federal Rules of Civil Procure and the district court's local rules); Yesudian v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming district court's enlargement of time for litigant to make a filing notwithstanding lack of any explanation respecting "excusable neglect" or a motion specifically requesting such relief); Tran v. Captain Glyn, Inc., 909 F.Supp. 727, 731 (D.Hawaii 1995)(permitting litigant to file late cross-motion for summary judgment and opposition to opponent's motion for summary judgment); see also Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995)(district court did not err in accepting motion for summary judgment one day late); cf. Crutcher v. Coleman, 205 F.R.D. 581, 586 (D.Kan. 2001)(allowing defendant to file answer six months after original deadline, notwithstanding her failure to provide "an adequate reason[,]" where failure caused no prejudice to the plaintiff); E.E.O.C. v. TruGreen Ltd. P'ship, 185 F.R.D. 552, 554 (W.D.Wisc. 1998)(not error for magistrate to *sua sponte* accept late-filed motion for protective order).[1]  But see Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 558 (7th Cir. 1996)(holding that district court committed reversible error when, contrary to Rule 6(b), it *sua sponte* enlarged the time for defendants to respond to the complaint and the enlargement "seriously prejudiced [the *pro se* prisoner-plaintiff's] prosecution of his case"); Demint v. NationsBank Corp., 208 F.R.D. 639, 642-43 (M.D.Fla. 2002)(refusing to grant enlargement of time where litigant

10

> failed to explain reasons for neglect; explaining, "A contrary
> conclusion necessarily implies that a court may excuse one
> party's omission *to the material detriment* of another party
> without understanding the conduct that occasioned the
> omission." (emphasis supplied)).

<u>Godoy</u>, 2006 WL 2085318, *3. In a footnote, Judge Story stated, in reference to

<u>Lujan</u>, that "the Supreme Court has itself appeared to acknowledge the discretion of

a district court to enlarge a response period even in circumstances where Rule 6(b)

does not seem to expressly contemplate such relief." <u>Id</u>. According to Judge Story,

the Supreme Court in <u>Lujan</u> –

> indulge[d] the possibility that the district court might yet
> have allowed the extension of time, remarking: "Perhaps it is
> true that the District Court could have overcome all the
> obstacles we have described – apparent lack of a motion, of
> a showing, and of excusable neglect – to admit the affidavits
> at issue here. But the proposition that it was *compelled* to
> receive them – that it was an abuse of discretion to *reject*
> them – cannot be accepted." 497 U.S. at 898. That
> indulgence suggests to this Court, especially in light of the
> post <u>Lujan</u> authorities cited *supra*, that the Federal Rules did
> not divest it of all authority to grant the challenged extension.

<u>Godoy</u>, 2006 WL 2085318, *3 n.1.

The undersigned concludes that, although <u>Lujan</u> contains language supportive

of an argument that *sua sponte* extensions of time cannot be granted once the initial

deadline has past, other language in <u>Lujan</u>, as well as the Federal Rules of Civil

11

Procedure as a whole, lead to a contrary conclusion.  The Federal Rules instruct courts to construe and administer the Rules "to secure the just, speedy, and inexpensive determination of every action," and to disregard – "at every stage of the proceedings" – "any error or defect in the proceedings which does not affect the substantial rights of the parties."  Fed.R.Civ.P. 1, 61.  "We have . . . come a long way from the time when all trial error was presumed prejudicial and reviewing courts were considered 'citadels of technicality.' . . . The harmless error rules adopted by this Court and Congress [including Rule 61] embody the principle that courts should exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the [proceedings]."  McDonough Equipment, Inc. v. Greenwood, 464 U.S. 548, 553, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984).[8]  As stated by the Supreme Court in a different context, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."  Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222, 225 (1962).

---

[8]Although McDonough Equipment involved appellate review of trial errors, the Court discussed Rule 61 (which is applicable only to district courts) as an example of a rule embodying the principle stated in the above quotation.  See 464 U.S. at 553-54.

For these reasons, the court finds that it has the authority to accept plaintiff's late-filed motion (if indeed it is properly construed as late) even though plaintiff did not file a Rule 6(b)(2) motion for extension of time.  Furthermore, given the circumstances of this case, an exercise of discretion is plaintiff's favor is justified.  Plaintiff's attorney apparently filed the instant motion promptly after receiving notification from the Social Security Administration regarding the amount of money withheld for attorney's fees.  Furthermore, the Commissioner does not assert that the Social Security Administration has been prejudiced in any way by the delay.  Finally, plaintiff's failure to recognize applicability of Rule 54(d) is understandable in light of the unsettled state of the law prior to, and after, <u>Bergen</u>.[9]

---

[9]As mentioned above, the Eleventh Circuit Court of Appeals suggested in <u>Bergen</u> that "the confusion about integrating Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406(b)" could have been avoided if the plaintiffs in that case had filed a motion seeking an extension of the 14-day period permitted for an attorney's fee motion "when the district court remanded their case." 454 F.3d at 1278 n.2.  Plaintiff states in a supplemental brief that "the suggestions in the <u>Bergen</u> decision regarding Section 406(b) attorney fees apply to *future* Social Security actions, not retroactively."  (Doc. 33, Brief at 2).  To the extent plaintiff intends to argue that Fed.R.Civ.P. 54(d) should not be applied in this case, the court does not agree; <u>Bergen</u> does not limit its holding to future application.  Nonetheless, the court also finds that the appropriate procedures for filing § 406(b) motions were, and remain, unclear.  The most appropriate course of action for plaintiff to have taken post-<u>Bergen</u> might have been to file a Rule 6(b)(2) motion for an extension of the time limit imposed by Rule 54(d).  It appears that defendant would not have opposed such

13

For these reasons, the court exercises its discretion to extend the time permit for a post-judgment motion for award of attorney's fees and finds that the fees requested by plaintiff are justified.  Accordingly, plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Doc. 31] is **GRANTED** and plaintiff's is awarded $10,047.25 in § 406(b) attorney's fees, payable to plaintiff's counsel, Mr. Gary Flack.  Mr. Flack is **ORDERED** to refund $5,822.92 to plaintiff, the amount of attorney's fees previously awarded under the EAJA.  See 42 U.S.C. § 406(b)(1)(A) (stating that, when § 406(b) fees are awarded, "no other fee may be payable or certified for payment for such representation").

IT IS SO ORDERED, this 31st day of August, 2006.

                                          /s/ Gerrilyn G. Brill
                                   GERRILYN G. BRILL
                                   UNITED STATES MAGISTRATE JUDGE

T:\FINAL.SS\WilliamsJerome406(b).wpd

---

a motion (which also contributes to this court's decision to accept plaintiff's late-filed motion).  Alternatively, a motion under Fed.R.Civ.P. 60(b)(6), as suggested by the Tenth Circuit, might have been appropriate.  See McGraw, 450 F.3d at 505.

AO 72A
(Rev.8/82)